# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

DEAGO BUCK,

    Plaintiff

v.

GOYIM DEFENSE LEAGUE, et al.,

    Defendants

**3:25-cv-677**

JURY DEMAND

Judge Richardson
Judge Newbern

---

## MOTION TO DISMISS FOR LACK OF JURISDICTION

---

Defendants Goyim Defense League, Jon Minadeo, Ryann McCann, Nicholas Bysheim, and Zane Morris move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim in Counts 1-2, as well for lack of subject-matter jurisdiction under 12(b)(1) once the federal claims are dismissed. The alleged facts are laid out in the Complaint. As required by the Local Rules, the argument is more fully expounded in an accompanying memorandum of law.

But boiled down, the statutes 42 U.S.C. §§ 1985 and 1986 only allow for a federal tort if defendants have either (1) sought to utilize or influence the government to take away a federal right, or else (2) sought to take away a federal right that applies even to private conduct. The Sixth Circuit outlined this key requirement in the case of *Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 226-28 (6th Cir. 1991). There, the court held that even though the

1

defendants had conspired to interfere with an opportunity to perform abortions, this conspiracy did not satisfy Section 1985 because the then-recognized right to abortion only restricted state activity, not private acts. Likewise, the Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971) explained that the federal Constitution does offer any right against mere assault and battery — basically, what is alleged here. (*See* Complaint, ¶ 111). Since here the Complaint merely alleges that the Defendants conspired to harass or get into fights with black people, certainly it alleges immoral conduct. But it fails to charge any violation of a federal right. Therefore, it fails to state a federal claim.

Finally, once the federal claim is dismissed, the law is rather clear that the Court lacks any further jurisdiction over the supplemental state claims. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Consequently, the case should be dismissed for lack of subject-matter jurisdiction.

2

## CONCLUSION

WHEREFORE, the Court should dismiss the federal conspiracy counts for failure to state a claim. And it should dismiss the state claims for lack of jurisdiction, without prejudice to any potential refiling in state court.

Respectfully submitted,

/s/ Drew Justice
Drew Justice #29247
Attorney for "Goyim Defense League," Jon Minadeo, Ryan McCann, Nicholas Bysheim, and Zane Morris
1902 Cypress Drive
Murfreesboro, Tn 37130
(615) 419-4994
drew@justicelawoffice.com

## Certificate of Service

The undersigned lawyer certifies that this July 31, 2025, he has delivered this motion via ECF to Ben Raybin, 424 Church Street, Suite 2120, Nashville, TN 37219 <braybin@nashvilletnlaw.com>.

/s/ Drew Justice
Drew Justice #29247

3