UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Deago Buck,<br><br>     Plaintiff,<br><br>v.<br><br>Goyim Defense League, Jon Minadeo II,<br>Ryan Scott McCann, Nicholas Alan Bysheim,<br>Louie Dunn, Colby Alexander Frank, Zane<br>Fenton Morris, and John Does 1-10,<br><br>     Defendants. | Case No. 3:25-cv-00677<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## COUNTER-DEFENDANT BUCK'S ANSWER
## TO DEFENDANTS' COUNTERCLAIMS

Plaintiff Deago Buck ("Counter-Defendant" and/or "Buck") hereby answers Defendants'

("Counter-Plaintiffs") counterclaims as follows:

1. Denies.

2. Buck lacks knowledge sufficient to form a belief about the current state citizenship status
   of Counter-Plaintiffs identified in the allegations in Paragraph 2.

3. Admits.

4. Buck admits that McCann, Bysheim, and Morris, at some point on July 14, 2025, were
   present on the sidewalk of downtown Nashville exhibiting white supremacist or Nazi
   imagery. Buck lacks sufficient knowledge to know the aims of Counter-Plaintiffs but
   denies that their aims were limited to spreading a political message. Buck lacks knowledge
   sufficient to form a belief about the additional allegations.

5. Admits that, at various times during Counter-Plaintiffs' 10-day "tour" of Nashville, they and members or associates of Goyim Defense League (GDL) conveyed the idea that Jewish people somehow bring about harmful effects.

6. Admits that Counter-Plaintiffs also "commented negatively on the black population." Buck lacks knowledge as to whether, on July 14, 2024 while marching through downtown Nashville, Defendants specifically stated that Black people "commit more crimes."

7. Admits that Counter-Plaintiffs "had a First Amendment right to believe whatever they want," to speak with the public, and to assemble. However, Buck asserts that Counter-Plaintiffs' actions exceeded the conduct protected by the First Amendment.

8. Buck lacks knowledge sufficient to form a belief about the allegations in Paragraph 8.

9. Admits that peace was not kept. Deny that the reason the peace was not kept was a failure of the police as the violence was caused by Defendants, not the police.

10. Denies.

11. Denies that Buck followed all the Counter-Plaintiffs. Admits that Buck followed Byshiem after Byshiem engaged him. Denies that Buck said "Fight me. Fight me. Fight me."

12. Denies as alleged. Buck did not know Counter-Plaintiffs prior to the encounter and lacked sufficient basis to "hate" them.

13. Denies.

14. Denies.

15. Denies.

16. Admits that when various members of the Counter-Plaintiffs group approached Buck and attempted to impale him with a flagpole and otherwise attack him, he acted in self-defense. Denies all other allegations as alleged.

17. Admits only that Minadeo was bitten by Buck in an act of self-defense during the attack on him by various Counter-Plaintiffs, but lacks sufficient knowledge as to whether the bite required medical treatment.

18. Admits.

19. Buck lacks knowledge as to why Nashville prosecutors made any decisions. Buck admits that McCann was prosecuted and convicted, resulting in jail time.

20. Plaintiff admits that he was interviewed by WKRN and that the station aired excerpts of the interview on or about July 18, 2025. Buck denies all other allegations as alleged.

21. Denies.

22. Denies.

23. Denies.

24. Denies that he engaged in wrongful conduct. Denies that the interview Buck gave was wrongful or caused Counter-Plaintiffs pain, emotional distress, and/or loss of enjoyment of life.

25. Denies that Buck engaged in wrongful conduct. Denies that Minadeo has been deterred and intimidated from exercising his constitutional right to speak freely. Buck lacks knowledge as to whether Counter-Plaintiffs have otherwise been "deterred and intimidated from exercising their constitutional right to speak freely and/or to assemble."

26. Denies.

27. Denies.

28. Counter-Defendant incorporates by reference all prior answers.

29. Paragraph 30 sets forth legal conclusions that do not require a response. Counter-Defendant otherwise denies any factual allegations in Paragraph 30.

30. Counter-Defendant incorporates by reference all prior answers.

31. Paragraph 32 sets forth legal conclusions that do not require a response. Counter-Defendant otherwise denies any factual allegations in Paragraph 32.

32. Counter-Defendant incorporates by reference all prior answers.

33. Paragraph 34 sets forth legal conclusions that do not require a response. Counter-Defendant otherwise denies any factual allegations in Paragraph 34.

34. Paragraph 35 sets forth legal conclusions that do not require a response.

35. Paragraph 36 sets forth legal conclusions that do not require a response.

36. Paragraph 37 sets forth legal conclusions that do not require a response. Counter-Defendant admits that he is a resident of Tennessee.

37. Paragraph 38 sets forth legal conclusions that do not require a response.

38. Paragraph 39 sets forth legal conclusions that do not require a response.

39. Plaintiff denies that Counter-Plaintiffs are entitled to any of the relief requested in the section entitled "Relief Sought" in their Counterclaims (Doc. 51).

**<u>Affirmative Defenses</u>**

<u>First Affirmative Defense</u>

40. **Failure to state a claim**. Counter-Plaintiffs fail to state a claim upon which relief may be granted.

<u>Second Affirmative Defense</u>

41. **Lack of subject matter jurisdiction**. The Court lacks subject matter jurisdiction over the claims asserted.

Third Affirmative Defense

42. **Standing**. Some or all of the Counter-Plaintiffs lack standing to bring the claims asserted.

Fourth Affirmative Defense

43. **Necessity**. The actions of Counter-Defendant were justified as necessary to protect himself and/or to deter greater harm.

Fifth Affirmative Defense

44. **Negligence**. Counter-Plaintiffs acted negligently and their own carelessness contributed to any injuries.

Sixth Affirmative Defense

45. **Assumption of the risk**. Counter-Plaintiffs assumed the risk of the injuries alleged.

Seventh Affirmative Defense

46. **Consent**. Counter-Plaintiffs Bysheim, McCann, and Minadeo voluntarily entered into combat by attacking Counter-Defendant.

Eighth Affirmative Defense

47. **Statute of Limitations.** Allegedly defamatory statement that forms the basis of the Defamation claim did not arise out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading.

Respectfully submitted,

/s/ Huey Fischer García
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
(404) 221-5876 (phone)
(404) 377-0708 (fax)
Huey.FischerGarcia@splcenter.org
Admitted pro hac vice
Louisiana Bar No. 39571

Scott D. McCoy
Admitted pro hac vice
Florida Bar No. 1004965

Arusha Gordon
Admitted pro hac vice
D.C. Bar No. 1035129

Elizabeth Littrell
Admitted pro hac vice
Georgia Bar No. 454949

**JOSEPH GREENWALD & LAAKE, PA**
6404 Ivy Ln., Ste. 400
Greenbelt, Maryland 20770
Erika Jacobsen White
Admitted pro hac vice
Maryland Bar No. 21815

**RAYBIN & WEISSMAN, P.C.**
424 Church Street, Suite 2120
Nashville, Tennessee 37219
Benjamin K. Raybin
Local Counsel (BPR #29350)

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that this January 13, 2026, he has delivered Counter-Defendant Buck's Answer To Defendants' Counterclaims via ECF to attorney **Drew Justice**, attorney for Defendants Goyim Defense League, Jon Minadeo, Ryan McCann, Nicholas Bysheim, Zane Morris and Louis Dunn; and by Electronic Mail and the United States Postal Service to the unrepresented party at the following last known addresses:

Colby Alexander Frank
1081 Cod Street
North Port, FL 34286
dariusthecarryus@gmail.com

Respectfully submitted,
/s/ Huey Fischer García
Counsel for Plaintiff.
