IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEAGO BUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:25-cv-00677 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| GOYIM DEFENSE LEAGUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| NICHOLAS ALAN BYSHEIM, et al., | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | NO. 3:25-cv-00677 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| DEAGO BUCK, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## <u>ORDER</u>

Pending before the Court[1] is the report and recommendation (Doc. No. 63, "R&R") of the

Magistrate Judge, which recommends that the Court deny the motion to dismiss (Doc. Nos. 45,

48, "Motion")[2] that seeks dismissal of the claims against Defendant Colby Alexander Frank

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] The Motion appears twice on the docket, namely at Docket No. 45 and Docket No. 48. Because the papers in each docket entry are identical, the Court will treat both docket entries as a single motion and will refer herein to the Motion in the singular.

("Defendant Frank" or "Frank")[3] for insufficient process and for insufficient service of process and was filed by Defendant Frank. (Doc. No. 63 at 1, 10). The R&R also recommends finding that Defendant Frank was properly served with process under Fed. R. Civ. P. 4(e)(2)(B) and that the Court accordingly deny as moot the motion (Doc. No. 43, "Buck Motion") that seeks leave to execute alternative service upon Defendant Frank and was filed by Plaintiff/Counter-Defendant, Deago Buck ("Plaintiff" or "Buck"). (Doc. No. 63 at 8-10). No objections to the R&R have been filed, and the time for filing objections has now expired.[4]

Absent any objection to the statement of the factual background and procedural background (regarding underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background and those relevant facts in their entirety and includes it here for reference.

> Both pending motions concern Buck's attempts to serve Frank with a summons and with a copy of the complaint. The original summons issued on July 9, 2025 and was addressed to "Colby Alexander Franks" at an address in Savannah, Tennessee. (Doc. No. 21 at 5.) Service in Tennessee did not succeed, but Buck identified someone named "Colby Alexander Frank" in Florida who appeared to be the intended defendant described in the complaint. (Doc. No. 40 at 3.) Buck subsequently obtained an alias summons directed to "Colby Alexander Franks a.k.a. Colby Alexander Frank" at an address in Spring Hill, Florida. (Doc. No. 32.) Service at the Spring Hill address was ineffective. (Doc. No. 40 at 4.) Buck

---

[3] Defendant Frank is one of numerous defendants in this action. For clarity, the Court notes that Defendant Frank is the sole defendant implicated by *all four of the following documents:* the Motion, the Buck Motion, the R&R, and the instant Order.

   The Court also notes that the ECF docket sheet and Plaintiff's complaint (Doc. No. 1) each refer to the party that the Court calls "Defendant Frank" as Colby Alexander *Franks*. However, based on the Motion, the papers filed in connection with the Motion, and the R&R, it appears to the Court that Defendant Frank's actual name is Colby Alexander *Frank.* Consistent with this observation, below the Court will direct the Clerk of the Court to change the name of Defendant Frank to Colby Alexander *Frank* (rather than *Franks*) on the ECF docket sheet.

[4] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* parties, like Defendant Frank, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Defendant Frank because the R&R was filed on March 27, 2026, and as of April 16, 2026, Defendant Frank has not filed any objections.

continued his efforts to locate Frank and found another "Colby Alexander Frank" residing in Sarasota County, Florida. (Doc. No. 41 at 5.) After obtaining an extension of the service deadline (Doc. No. 42), Buck filed his pending motion for alternative service on an e-mail address and on a post office box that a process server investigated and believed that Frank was using. (Doc. No. 43-1 at 6.) Buck described how service attempts at the Sarasota County address had failed through the filing of the motion. (*Id.* at 4–5.)

While the motion for alternative service was pending, Buck's process server allegedly succeeded with another service attempt at the Sarasota County address. On November 5, 2025, the process server returned to the Sarasota County address—1081 Cod Street in North Port, Florida— and knocked on the door. (Doc. No. 44 at 1.) A man over 70 years of age answered the door and identified himself as Frank's father. (*Id.*) Frank's father allegedly stated that Frank was not there at the time and that he would not accept documents from the process server but that the process server could leave the documents at the door. (*Id.*) The process server left a copy of the alias summons and of the complaint at the front door in Frank's father's view. (*Id.*; Doc. No. 50-11 at 2 (photo of document delivery).)

Additional investigation uncovered other information linking Frank and his father to the Sarasota County address. Frank has used the Sarasota County address for his voter registration since 2010. (Doc. No. 50-2 at 2.) Frank's father used the Sarasota County address and the e-mail address identified for alternative service in state court proceedings. (Doc. No. 50-4 at 2.) A New York UCC Financing Statement purportedly filed by Frank in 2022 contains Frank's name and the Sarasota County address. (Doc. No. 50-5 at 2.) When Frank registered a limited liability company in Florida, he used the Sarasota County address as the principal address, the mailing address, and the registered agent's address. (Doc. No. 50-6 at 2.) Finally, to confirm Frank's father's capacity, Buck's counsel attended a video broadcast of a state court proceeding in which Frank's father represented himself, offered factual testimony, and made legal arguments. (Doc. No. 50-1 at 4.)

\* \* \*

Frank filed his motion on November 25, 2025 and asserts several grounds for dismissal. Frank denies any assertion from the process server that his father would have permitted documents to be left at the front door of the Sarasota County address because "Mr. Frank does not accept documents." (Doc. No. 45 at 1.) Frank asserts that process was insufficient because the address listed on the alias summons does not match the Sarasota County address where the process server allegedly served his father. (*Id.* at 2.) Frank denies that the Sarasota County address is his "usual place of abode or a residence where he currently resides, contrary to the server's affirmation." (*Id.*) Frank accuses the process server of perjury and "sewer service" because his father allegedly told the process server during each of two interactions at the Sarasota County address that Frank does not live there. (*Id.*) The process server lied further, according to Frank, because the server described events that contradict proper notice: Frank's father's refusal to state Frank's marital or

military status and refusal to accept documents; plus the server's decision to leave documents at the front door. (*Id.*) Finally, even if the process server left documents in Frank's father's presence, Frank argues that the process server committed trespass and that his father is legally disabled and would not have been able to have documents left with him. (*Id.* at 3.)

Buck opposes dismissal based on the aggregate of his investigative work to find and to serve Frank. Buck argues that the Sarasota County address is currently associated with Frank through voter registration, Florida state court proceedings, a New York UCC statement, and a Florida corporate registration. (Doc. No. 50 at 2.) Buck notes that the Sarasota County address additionally must be Frank's usual place of abode because public records searches uncovered only one other address linked to Frank—a vacation rental address in Destin, Florida associated with a condominium owned by Frank's parents. (*Id.*; Doc. No. 50-7.) Additionally, Buck has furnished evidence of e-mail messages that Frank sent to Buck's counsel, after service of process, that suggest that Frank is aware of this case. (Doc. No. 50 at 3.) Frank's awareness of this case, according to Buck, indicates that service of process was effective.

Buck argues further that the factual record of service on Frank overcomes Frank's legal arguments. Buck acknowledges the discrepancy between the address on the alias summons and the address where Frank was served but argues that Rule 4(a) does not require an address at all, rendering the discrepancy inconsequential. Buck argues that the process server properly identified the Sarasota County address as a usual place of abode for both Frank and his father, meaning that leaving the summons and complaint with Frank's father was procedurally proper and did not constitute a trespass. Finally, Buck asserts that any refusal by Frank's father to confirm marital or military status was irrelevant and that Frank's father's ability to represent himself in state court— absent any contrary evidence—satisfies Rule 4's requirement that papers be left with a person of suitable age and discretion.

(Doc. No. 63 at 2-4). The Magistrate Judge concluded that the Motion (Doc. Nos. 45, 48) should be denied. (Doc. No. 63 at 10). The Magistrate Judge further concluded that Defendant Frank was properly served under Fed. R. Civ. P. 4(e)(2)(B) and that, accordingly, the Buck Motion (Doc. No. 43)—which seeks leave to execute alternative service on Defendant Frank—should be denied as moot. (Doc. No. 63 at 8-10).

No party has filed objections to the R&R, and the time to file objections has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 63) is adopted and approved. Accordingly, the Motion (Doc. Nos. 45, 48) is **DENIED**. Additionally, the Court—in keeping with the Magistrate Judge's recommendation—finds that Defendant Frank was properly served under Fed. R. Civ. P. 4(e)(2)(B), and accordingly the Buck Motion (Doc. No. 43) is **DENIED** as moot. Finally, and for the reasons explained in the footnote above, the Clerk of the Court is **DIRECTED** to update

Defendant Frank's name on the ECF docket sheet from Colby Alexander *Franks* to Colby Alexander *Frank*.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE