# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

DEAGO BUCK

    ANTIFASCIST TERRORIST,

v.

COLBY ALEXANDER FRANK

FASCIST COUNTER-TERRORIST.

Case No.: **3:25-cv-00677**

**COUNTER-CLAIMANT FRANK'S MOTION TO STAY DISCOVERY**

## COUNTER-CLAIMANT FRANK'S MOTION TO STAY DISCOVERY

Counter-Claimant Colby Alexander Frank, proceeding *pro se*, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent authority to stay discovery as to him pending resolution of his Motion to Dismiss and to establish a separate litigation timeline applicable to him in light of the unique procedural posture of this case. In support, Counter-Claimant states as follows:

## INTRODUCTION

This action, as applied to Counter-Claimant Frank, presents both substantive and procedural circumstances that warrant immediate relief from the burdens of discovery. Counter-Claimant's pending Motion to Dismiss demonstrates that Plaintiff has failed to state any viable claim against him. As set forth therein,

Plaintiff's own allegations establish that Plaintiff initiated the physical confrontation underlying his claims, that Counter-Claimant Frank is not alleged to have engaged in any conduct directed toward Plaintiff, and that the only references to Counter-Claimant Frank concern interactions with unnamed third parties who are not before this Court. The Complaint thus attempts to impose liability based not on conduct, but on association and presence, which is insufficient as a matter of law.

At the same time, the procedural history of this case independently supports relief. The Court's April 17, 2026 Order adopting the Report and Recommendation confirms that Counter-Claimant Frank's service was disputed for months and that the Court only recently determined that service was proper under Federal Rule of Civil Procedure 4. Prior to that ruling, Counter-Claimant Frank was actively contesting service and was not in a position to litigate the merits of the case. As a result, Counter-Claimant Frank now stands in a materially different procedural posture than the other Counter-Claimants, having only recently been brought within the Court's jurisdiction after prolonged litigation over service.

Under these circumstances, requiring Counter-Claimant Frank to immediately engage in discovery—while a dispositive motion is pending and after significant procedural delay—would impose undue burden and would be

inconsistent with the Federal Rules' mandate of fairness, efficiency, and judicial economy.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(c) authorizes courts, for good cause, to issue protective orders staying discovery to shield a party from undue burden or expense. The Supreme Court has long recognized that district courts possess inherent authority to control their dockets and to stay proceedings where appropriate to promote efficiency and fairness. See *Landis v. North American Co.*. Within the Sixth Circuit, district courts routinely exercise this discretion to stay discovery where a pending dispositive motion may resolve the claims at issue, particularly where the motion raises threshold legal defects that would render discovery unnecessary.

Courts in the Middle District of Tennessee likewise recognize that staying discovery is appropriate where proceeding would impose unnecessary burdens and where resolution of a dispositive motion may streamline or eliminate the need for discovery altogether. This principle is grounded not only in Rule 26(c), but also in Rule 1, which directs courts to administer the Federal Rules in a manner that secures the just, speedy, and inexpensive determination of every action.

## ARGUMENT

**A. The Motion to Dismiss Is Fully Dispositive as to Counter-Claimant Frank**

Counter-Claimant Frank's Motion to Dismiss presents threshold legal deficiencies that, if accepted, require his dismissal from this action in its entirety. The Complaint fails to allege that Counter-Claimant Frank caused any injury to Plaintiff and instead relies on allegations involving unnamed third parties. Plaintiff's own pleading acknowledges that he initiated the physical altercation at issue, and it does not identify any specific conduct by Counter-Claimant Frank directed toward Plaintiff.

As a preliminary matter, courts within the Sixth Circuit frequently take a "preliminary peek" at a pending dispositive motion when determining whether a stay of discovery is appropriate. That limited review does not resolve the motion on the merits, but instead evaluates whether the motion raises substantial legal questions that are likely to significantly narrow or dispose of the case. Applying that standard here, Counter-Claimant Frank's Motion to Dismiss presents exceptionally strong threshold defects. The absence of any allegation tying Counter-Claimant Frank to Plaintiff's injury, combined with Plaintiff's reliance on conduct involving non-parties and admissions that Plaintiff initiated the underlying confrontation, renders the claims against Counter-Claimant Frank legally deficient

on their face. These deficiencies are not marginal; they go directly to standing, causation, and the plausibility of any claim for relief.

Under well-established Supreme Court precedent, a plaintiff must allege facts demonstrating that his injury is fairly traceable to the Counter-Claimant's conduct. See *Lujan v. Defenders of Wildlife*. That requirement is entirely absent here. The Complaint thus fails not only under the pleading standards of *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*, but also at the level of constitutional standing.

Because the Motion to Dismiss, if granted, will remove Counter-Claimant Frank from this case altogether, and because even a preliminary review confirms that it raises substantial and potentially dispositive legal deficiencies, the balance strongly favors staying discovery pending its resolution.

## B. The Claims Against Counter-Claimant Frank Present Purely Legal Deficiencies That Discovery Cannot Cure

The deficiencies identified in Counter-Claimant Frank's Motion to Dismiss are legal in nature and cannot be remedied through discovery. The Complaint fails to connect Counter-Claimant Frank to Plaintiff's alleged injuries, relies on conduct involving non-parties, and attempts to impose liability based on association rather than individualized conduct.

Under the framework established in *Twombly* and *Iqbal*, such allegations do not state a plausible claim for relief. Because these defects arise from the face of the Complaint itself, discovery would not assist the Court in resolving the Motion to Dismiss. Instead, it would impose unnecessary expense and burden while serving no meaningful purpose. Courts within the Sixth Circuit routinely stay discovery in precisely these circumstances, recognizing that discovery is not a mechanism to salvage legally deficient claims.

## C. The Procedural Delay in Service Justifies Counter-Claimant-Specific Scheduling Relief

Independent of the merits, the procedural posture of Counter-Claimant Frank warrants separate scheduling consideration. The Court's April 17, 2026 Order confirms that service was contested over an extended period and that Counter-Claimant Frank has only recently been deemed properly served. Until that determination, Counter-Claimant Frank was engaged in threshold litigation regarding jurisdiction and was not positioned to litigate the substance of Plaintiff's claims.

As a result, Counter-Claimant Frank has not participated in this case on the same timeline as the other Counter-Claimants. Requiring him to adhere to the same discovery schedule would effectively penalize him for exercising his right to challenge service and would deprive him of a fair opportunity to defend himself.

Courts routinely recognize that where a party is brought into a case later, or after prolonged service disputes, adjustments to scheduling and discovery obligations are necessary to preserve fairness and due process.

## D. Discovery Would Impose Undue Burden on a Pro Se Counter-Claimant

The burden of discovery is particularly significant in this case because Counter-Claimant Frank is proceeding without counsel. Responding to discovery requests, producing documents, and participating in depositions requires substantial time, effort, and resources. These burdens are magnified where, as here, the claims against the Counter-Claimant are legally deficient and unlikely to survive dismissal.

Rule 26(c) is designed to prevent precisely this type of unnecessary burden. Forcing a *pro se* Counter-Claimant to engage in full discovery before the Court determines whether the claims against him are legally viable would undermine both the purpose of Rule 12(b)(6) and the efficiency goals of the Federal Rules.

## E. Judicial Economy Strongly Favors a Stay

The Supreme Court has made clear that courts must weigh considerations of judicial economy and fairness when managing their dockets. See *Landis v. North American Co..* Allowing discovery to proceed against Counter-Claimant Frank at

this stage would risk expending significant resources on claims that may be dismissed as a matter of law.

By contrast, staying discovery will allow the Court to resolve the threshold legal issues presented in the Motion to Dismiss. If the motion is correctly granted, discovery as to Counter-Claimant Frank will be unnecessary. If it is denied, an interlocutory appeal can proceed in a more efficient manner. This approach promotes both fairness and judicial efficiency.

### **REQUEST FOR Counter-Claimant-SPECIFIC SCHEDULING RELIEF**

In addition to a stay of discovery, Counter-Claimant Frank respectfully requests that the Court establish a separate litigation timeline applicable to him. Given that Counter-Claimant Frank was only recently deemed properly served, simple fairness requires that any discovery deadlines or case management obligations applicable to him run from the Court's resolution of the Motion to Dismiss or from such later date as the Court deems appropriate.

Without such relief, Counter-Claimant Frank would be required to comply with deadlines established during a period in which his status as a properly served party remained unresolved. Adjusting the schedule as to Counter-Claimant Frank will ensure that he is not prejudiced by procedural delays and will allow the case to proceed in an orderly and equitable manner.

8

## **CONCLUSION**

For the foregoing reasons, Counter-Claimant Frank has demonstrated exceptional cause to stay discovery and to obtain Frank specific scheduling relief. The claims against him are legally deficient, the Motion to Dismiss is fully dispositive, and the procedural history of this case confirms that he has only recently been brought within the Court's jurisdiction. Under these circumstances, proceeding with discovery would impose unnecessary burden and would not serve the interests of justice.

## **REQUEST FOR RELIEF**

WHEREFORE, Counter-Claimant Frank respectfully requests that this Court enter an Order staying all discovery as to Counter-Claimant Frank pending resolution of his Motion to Dismiss, establishing a separate litigation schedule applicable to Counter-Claimant Frank, suspending any existing deadlines as to him, and granting such other and further relief as the Court deems just and proper.

/s/ Colby Alexander Frank
Colby Alexander Frank
*Propria Persona & Beneficiary*
New PO Box Pending
(+1) 941.275.5712
dariusthecarryus@gmail.com

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of Court and emailed a copy to all counsel of record on April 27, 2026.

<u>/s/ Colby Alexander Frank</u>
Colby Alexander Frank
*Propria Persona & Beneficiary*
New PO Box Pending
(+1) 941.275.5712
dariusthecarryus@gmail.com
