UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEAGO BUCK,<br>Plaintiff,<br><br>v.<br><br>GOYIM DEFENSE LEAGUE et al.,<br>Defendant. | Case No. 3:25-cv-00677<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Colby Alexander Frank's motion for judicial notice. (Doc. No. 69.) No response to the motion was filed. Frank seeks judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, that a criminal indictment was filed against the Southern Poverty Law Center on April 21, 2026 in the District Court for the Middle District of Alabama. *Id.*

Rule 201(b)(2) provides that a court may take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Rule 201(c)(2) provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* "Although Rule 201 is phrased in mandatory language, courts of appeals review a district court's refusal to take judicial notice for abuse of discretion." *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 n.10 (6th Cir. 2004) (citing *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002)). Discretion is needed here because "[a] fact is not the proper subject of judicial notice if the notice is sought for a purpose that is 'not relevant or necessary to resolve th[e] action.'" *Jones v. Prudential Sec., Inc.,* 534 F. Supp. 3d 839, 841 (E.D. Mich. 2021) (quoting *Cece v. Wayne County*, 758 F. App'x. 418, 425 (6th Cir. 2018) (unpublished opinion)). Likewise, "a fact is not

the proper subject of judicial notice if 'there is considerable dispute over the significance' of the fact." *Id.* (quoting *United States v. Bonds*, 12 F.3d 540, 553 (6th Cir. 1993)).

Frank's motion does nothing to establish the indictment's significance or its relevance. Frank has failed to provide the Court with the necessary information to establish the purpose of the notice. Therefore, his motion for judicial notice (Doc. No. 69) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge