UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEAGO BUCK,<br>Plaintiff,<br><br>v.<br><br>GOYIM DEFENSE LEAGUE et al.,<br>Defendant. | Case No. 3:25-cv-00677<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Colby Alexander Frank's motion for Rule 11 sanctions. (Doc. No. 67.) Plaintiff responded (Doc. No. 71), and Frank replied (Doc. No. 76). Frank's motion is procedurally flawed in two respects. First, Frank, a pro se litigant, filed the motion on behalf of "[d]efendants, by and through themselves."[1] (Doc. No. 67 at 1.) Frank is not licensed to practice law and is prohibited from representing anyone other than himself. *See* 28 U.S.C. § 1654; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) ("The statute does not allow for unlicensed laymen to represent anyone else other than themselves.") (internal quotation marks and citations omitted), *cited in Freeman v. S. Health Partners*, No. 3:12-CV-990, 2012 WL 4903376, at *2 (M.D. Tenn. Oct. 16, 2012) ("Section 1654 does not allow for an unlicensed layman to represent anyone else other than himself.") (other citations omitted). For this reason, Frank's motion must be denied. *See Bryant v. Jenkins*, No. CV 14-14181, 2015 WL 13742017, at *2 (E.D. Mich. June 22, 2015) (complaint dismissed where pro se plaintiff filed on behalf of another party and himself), *report and recommendation adopted*, No. 14-14181, 2015 WL 6735338 (E.D. Mich. Nov. 4, 2015).

[1] All other Defendants are represented by counsel.

Secondly, Frank failed to comply with the safe-harbor requirements set forth in Rule 11(c)(2). "The Sixth Circuit unequivocally interprets the safe harbor provision as an 'absolute requirement' on the Court's application of Rule 11." *Apartment Insiders, LLC v. Hensen*, No. 3:25-CV-01137, 2026 WL 1158036, at *4 (M.D. Tenn. Apr. 6, 2026) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) ("The rule is unquestionably explicit that unless a movant has complied with the twenty-one day safe harbor service, the motion for sanctions shall not be filed with or presented to the court.") (cleaned up)), *report and recommendation adopted*, No. 3:25-CV-01137, 2026 WL 1152495 (M.D. Tenn. Apr. 28, 2026).

For the reasons stated herein, Frank's motion for Rule 11 sanctions (Doc. No. 67) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge