UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEAGO BUCK,<br>Plaintiff,<br><br>v.<br><br>GOYIM DEFENSE LEAGUE et al.,<br>Defendants. | Case No. 3:25-cv-00677<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Colby Alexander Frank's motion to stay discovery. (Doc. No. 70.) Plaintiff filed a response in opposition. (Doc. No. 78.) This matter is now ripe for decision. For the reasons that follow, Frank's motion is denied.

Frank argues that he will suffer "undue burden" if discovery is not stayed pending resolution of his second motion to dismiss. (Doc. No. 70 at 1–2.) He also claims that that he "stands in a materially different procedural posture . . . having only recently been brought within the Court's jurisdiction." (*Id.* at 2.) Plaintiff argues that the motion should be denied "because no good reason exists to put Defendant Frank on a different track from all other defendants, who have been engaging in discovery." (Doc. No. 78 at 4.)

"The trial court is afforded broad discretion in order to control and dictate the sequence of discovery." *Collabera, Inc. v. Liggett*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) (citation omitted). The case management order clearly states that "[d]iscovery is not stayed during dispositive or other motions, unless ordered by the Court." (Doc. No. 56 at 5.) The Local Rules provide that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court . . . ." LR 16.01(g). The case law supports the Court's order and the Local Rule. *See*

*Collabera, Inc.*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) ("[t]he mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery") (internal quotation marks and citation omitted); *see also Tarazi v. Oshry*, No. 2:10-CV-793, 2011 WL 1437052, at *1 (S.D. Ohio Apr. 12, 2011) ("[A] motion to dismiss for failure to state a claim under Rule 12(b)(6) is generally deemed an insufficient ground for staying discovery.") (citations omitted). Ultimately, the Court must "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery and take into account any societal interests which are implicated by either proceeding or postponing discovery." *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786196, at *1 (M.D. Tenn. July 6, 2016) (cleaned up). The Court must "tread carefully" when granting a motion to stay "because every party has a right to a determination of its rights and liabilities without undue delay." *Arnold v. Parades*, No. 3:23-CV-00545, 2023 WL 12260534, at *2 (M.D. Tenn. Oct. 24, 2023) (internal quotation marks and citation omitted).

Frank has failed to persuade the Court that a stay of discovery is warranted. He has not articulated any specific burden that he would endure if discovery were not stayed. Nor has he identified any particular discovery requests that have been propounded on him that would be unduly burdensome for him to answer. Instead, he relies on conclusory statements based on his late arrival to the case.[1] Frank has likewise failed to establish that his second motion to dismiss is anything more than a "garden-variety" Rule 12(b)(6) motion. *Williams v. New Day Farms, LLC*,

[1] The Court recommended that Frank's motion to dismiss related to lack of service be denied on March 27, 2026. (Doc. No. 63.) He did not object to the report and recommendation, which Judge Richardson adopted on April 17, 2026. (Doc. No. 65.) Frank has sufficient time to participate in discovery, especially since the Court recently granted an extension to those deadlines. (Doc. No. 94.)

No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) ("[U]nless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion."). Without expressing any opinions as to the merits of Frank's dispositive motion, the parties' briefing and arguments at first glance do not suggest such a patent lack of merit that the claims against Frank will almost certainly be dismissed. Therefore, discovery will not be stayed.

For the reasons stated, Frank's motion to stay discovery (Doc. No. 70) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge