UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEAGO BUCK,<br>Plaintiff,<br><br>v.<br><br>GOYIM DEFENSE LEAGUE et al.,<br>Defendants. | Case No. 3:25-cv-00677<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Colby Alexander Frank's renewed motion for judicial notice. (Doc. No. 102.) Plaintiff filed a response in opposition. (Doc. No. 109.) Frank seeks judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, that a criminal indictment was filed against the Southern Poverty Law Center on April 21, 2026 in the District Court for the Middle District of Alabama ("the Indictment"). (*Id.*)

Rule 201(b)(2) provides that a court may take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Rule 201(c)(2) provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* "Although Rule 201 is phrased in mandatory language, courts of appeals review a district court's refusal to take judicial notice for abuse of discretion." *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 n.10 (6th Cir. 2004) (citing *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002)). Discretion is needed here because "[a] fact is not the proper subject of judicial notice if the notice is sought for a purpose that is 'not relevant or necessary to resolve th[e] action.'" *Jones v. Prudential Sec., Inc.,* 534 F. Supp. 3d 839, 841 (E.D. Mich. 2021) (quoting *Cece v. Wayne County*, 758 F. App'x. 418, 425 (6th Cir. 2018) (unpublished opinion)). Likewise, "a fact is not

the proper subject of judicial notice if 'there is considerable dispute over the significance' of the fact." *Id.* (quoting *United States v. Bonds*, 12 F.3d 540, 553 (6th Cir. 1993)).

Frank argues that the Court should take judicial notice of the Indictment against the Southern Poverty Law Center because it provides "relevant context for [Frank's] contention that this action improperly attempts to impose liability upon [him] based substantially upon association with other persons and protective expressive activity rather than actional conduct by Frank against Plaintiff." (Doc. No. 102 at 1.) Plaintiff argues that the fact of the Indictment is not "generally known in the Middle District of Tennessee" and that the facts in the Indictment cannot be "accurately and readily determined" because an Indictment is not evidence. (Doc. No. 109 at 1–2.) Lastly, Plaintiff, citing Rule 401 and 403 of the Federal Rules of Evidence, argues that the Indictment is not relevant. (*Id.* at 2.)

Frank has failed to establish the Indictment's relevance or that it is necessary to resolve the action. There is also considerable dispute over the significance of the Indictment. Therefore, his renewed motion for judicial notice (Doc. No. 102) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge